**MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT
SENTENCE BY A PERSON IN FEDERAL CUSTODY**
28 USC § 2255(f)(3)

FILED
JOHN P. HEHMAN
CLERK
2014 JUL 28 PM 3:41
U.S. DISTRICT COURT
SOUTHERN DIST OHIO
CINCINNATI

| United States District Court | District Of Ohio, Western Division | |
|---|---|---|
| Name (under which you were convicted): JAMES ANDRE BLACK | Docket or Case No.: 1:04-CR-57-002 | |
| Place of Confinement: VICTORVILLE CORRECTIONAL COMPLEX - 2 | Prisoner No.: 04175061 | |
| UNITED STATES OF AMERICA | Movant (include name under which you were convicted) | |
| v. JAMES ANDRE BLACK | | |

### MOTION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:
   UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF OHIO, WESTERN
   DIVISION.

   (b) Criminal docket or case number (if you know): **1:04-CR-57-002**

2. (a) Date of the judgment of conviction (if you know): **February 21, 2007**

   (b) Date of sentencing: **February 21, 2007**

3. Length of sentence: **300 Months**

4. Nature of crime (all counts): **Count Two: Bank Robbery and Assault In violation of
   18 U.S.C. §§ 2113(a) & (d); Count Three: Brandishing a Firearm During a
   crime of violence In violation of 18 U.S.C. § 924(c)(1)(A)(ii)**

5. (a) What was your plea? (Check one)

   (1) Not guilty ❑     (2) Guilty ☒     (3) Nolo contendere (no contest) ❑

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count
   or indictment, what did you plead guilty to and what did you plead not guilty to?

   **Pleaded guilty to Count(s) Two and Three of the Indictment**

6. If you went to trial, what kind of trial did you have? (Check one)     Jury ❑     Judge only ❑ **N/A**
   **NONE**

Page 3

7.   Did you testify at a pretrial hearing, trial, or post-trial hearing?     Yes ❏     No **XX**     N/A

8.   Did you appeal from the judgment of conviction?     Yes **X**     No ❏

9.   If you did appeal, answer the following:

    (a) Name of court: **UNITED STATES COURT OF APPEAL FOR THE SIXTH CIRCUIT**

    (b) Docket or case number (if you know):   **07-3240**

    (c) Result:   **DISMISSED   FOR WAIVING RIGHTS.**

    (d) Date of result (if you know):   **December 12, 2007**

    (e) Citation to the case (if you know):   **United States v. Black, No. 07-3240(6th Cir. Dec. 12, 2007)**

    (f) Grounds raised:

**NOT APPLICABLE**

    (g) Did you file a petition for certiorari in the United States Supreme Court?     Yes ❏     No **XX**

    If "Yes," answer the following:

        (1) Docket or case number (if you know):   **N/A**

        (2) Result:   **N/A**

        (3) Date of result (if you know):   **N/A**

        (4) Citation to the case (if you know):   **N/A**

        (5) Grounds raised:

**NOT APPLICABLE**

10.  Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?

    Yes **XX**   No ❏

11.  If your answer to Question 10 was "Yes," give the following information:

    (a) (1) Name of court: **UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO**

        (2) Docket or case number (if you know): **1:04-CR-57-002**

        (3) Date of filing (if you know): **February 7, 2011**

(4) Nature of the proceeding: **Federal Rule of Civil Procedure 60(b) (4).**

(5) Grounds raised: **(1) Prior California Convictions Health & Safety Code § 11352 does not qualify as a predicate offense under the Armed Career Criminal Act, In Case Number(s): June 3, 1990 (VA-011131) and October 1, 2004 (BA-277075).**

**(2) Court misapplied the sentencing guidelines in sentencing Movant Black as a Career Offender.**
**(3) The evidence at sentencing was insufficient to conclude that his prior convictions made him eligible to the sentenced as a Career Offender pursuant to USSG § 4B1.1.**

(6) Did you receive a hearing where evidence was given on your motion, petition, or

application?   Yes ☐  No ☒☒

(7) Result: **DENIED BECAUSE IT IS NOT WELL-TAKEN, AND (COA) IS DENIED(TIME-BARRED)**

(8) Date of result (if you know): **MARCH 11, 2011**

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court: **UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT.**

(2) Docket or case number (if you know): **13-4383**

(3) Date of filing (if you know): **NOVEMBER 2013.**

(4) Nature of the proceeding: **APPLICATION FOR SECOND OR SUCCESSIVE § 2255 MOTION**

(5) Grounds raised: **(1) ATTORNEY WAS INEFFECTIVE FOR FAILING TO CHALLENGE THE USE OF HIS PRIOR CONVICTIONS UNDER CALIFORNIA HEALTH & SAFETY CODE §11352 AS PREDICATE OFFENSES UNDER ARMED CAREER CRIMINAL ACT. (2) DEFENSE COUNSEL (JONATHON.P.DAMERON) FAILED TO OBJECT AND SHOW HOW THE VICTIM BANK WAS NEVER INSURED ON THE DATE OF OFFENSE BY FDIC, BUT BY (BANKERS BLANKET BOND). (3) COUNSEL FAILED TO OBJECT TO THE LATE FILING OF THE "NOTICE OF ENHANCEMENT" UNDER 18 USC § 851.**

(6) Did you receive a hearing where evidence was given on your motion, petition, or

application?   Yes ☐  No ☒☒

(7) Result: **DENIED**

(8) Date of result (if you know): **JUNE 13, 2014.**

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your

motion, petition, or application?

(1) First petition:   Yes ☒☒  No ☐

(2) Second petition:   Yes ☒☒  No ☐

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

## NOT APPLICABLE

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**GROUND ONE:ATTORNEY (JONATHON.P.DAMERON) WAS INEFFECTIVE FOR FAILING TO CHALLENGE THE USE OF HIS PRIOR CONVICTIONS UNDER CALIFORNIA H&S CODE §11352 AS PREDICATE OFFENSES UNDER ARMED CAREER CRIMINAL ACT. See attached document.**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

**Counsel was ineffective were Movant Black suffered ineffective counsel FOUR-FOLD to wit: AT PRE-TRIAL; AT PLEA COLLOQUY RULE 11 HEARING; AGAIN AT SENTEN-CING AND AT PLEA AGREEMENT, failed to object and show trial court how prior California Convictions Health & Safety Code, with assigned Case Number(s): VA-011131 and BA-277075 in violation of H&S § 11352 does not qualify as a predicate offense under the Armed Career Criminal Act. In addition the Prior California State Convictions Plea agreement statement attributed to Movant in the "amended charge" plea agreement, could not constitute as clear and unequivocal proof that Movant Black had in fact pleaded guilty to or been convicted of. all of the "elements" of a qualifying enhancement under USSG § 4B1.1(a) career offender predicate offenses, and to rely on the statements alone would violate United States Supreme Court precedent and Ninth Circuit precedents rulings in 2004 and 2009 respectively. In these circumstances, Counsel's failure to object these errors mentioned above fell "below an objective standard of reasonableness".**

(b) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☒ No ☐ **N/A**

(2) If you did not raise this issue in your direct appeal, explain why: **N/A**

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☒☒ No ☐

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:**Federal Rule Of Civil Procedure 60(b)(4)**

Name and location of the court where the motion or petition was filed: **UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO**

Docket or case number (if you know): **1:04-CR-57-002**

Date of the court's decision: **MARCH 11, 2011**

Result (attach a copy of the court's opinion or order, if available): **DENIED FOR TIME BARRED**

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐   No **XX**

(4) Did you appeal from the denial of your motion, petition, or application?

Yes **X**   No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes **X**   No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: **UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT, CINCINNATI, OHIO [45202-3988].**

Docket or case number (if you know): **No. 11-3365**

Date of the court's decision: **SEPTEMBER 28, 2011**

Result (attach a copy of the court's opinion or order, if available): **CERTIFICATE OF APPEALABILITY IS DENIED AND MOTION TO APPEAL IN FORMA PAUPERIS IS DENIED AS MOOT.**

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: **NOT APPLICABLE.**

**GROUND TWO:** INEFFECTIVE ASSISTANCE OF COUNSEL: Defense Counsel (DAMERON), failed to object to the Late filing of the "Notice of Enhancement" under 18 USC § 851. See attached document.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

**Movant received an enhanced sentence, under 18 USC § 851 ERRORNEOUSLY, where Government did not file and serve Movant & Counsel the "Notice of Enhancement, within the time allowed by Law, thereby, defense counsel failed to object or supress this "NOTICE OF ENHANCEMENT" which was illegally filed at sentencing, wherefore violating Movant's Due process clause guaranteed under the Fifth Amendment.**

(b) **Direct Appeal of Ground Two:**

  (1) If you appealed from the judgment of conviction, did you raise this issue?

  Yes ☐ No XX  N/A

  (2) If you did not raise this issue in your direct appeal, explain why:  N/A

  **WAIVED DIRECT APPEAL RIGHT**

(c) **Post-Conviction Proceedings:**

  (1) Did you raise this issue in any post-conviction motion, petition, or application?

  Yes XX  No ☐

  (2) If your answer to Question (c)(1) is "Yes," state:

  Type of motion or petition: PERMISSION TO FILE A SECOND OR SUCCESSIVE §2255 MOTION

  Name and location of the court where the motion or petition was filed: UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT, CINCINNATI, OHIO [45202-3988].

  Docket or case number (if you know): No. 13-4383, In re: James Black

  Date of the court's decision: JUNE 13, 2014 and JULY 02, 2014.

  Result (attach a copy of the court's opinion or order, if available): DENIED MOVANT'S BLACK PERMISSION TO FILE SECOND OR SUCCESSIVE § 2255 MOTION FILED IN NOVEMBER 2013, AND MOTION TO RECONSIDER AND RE-SUBMIT IN ACCORDANCE TO "DOJ AFFIRMA-TIVE WAIVER" DIRECTIVE ISSUED ON MAY 30, 2014, ON PROCEDURAL BAR ON DESCAMPS.

  (3) Did you receive a hearing on your motion, petition, or application?

  Yes ☐ No XX

  (4) Did you appeal from the denial of your motion, petition, or application?

  Yes ☐ No XX

  (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

  Yes ☐ No ☐  N/A

  (6) If your answer to Question (c)(4) is "Yes," state:  N/A

  Name and location of the court where the appeal was filed:  N/A

  Docket or case number (if you know):  N/A

  Date of the court's decision:  N/A

  Result (attach a copy of the court's opinion or order, if available):  NONE

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: MOVANT BLACK IS NOW FILING A 28 USC § 2255(f)(3) MOTION BEFORE THIS COURT, PURSUANT TO SUPREME COURT RULINGS IN DESCAMPS > OLTEN > > AND FOURTH CIRCUIT RULING IN WHITESIDE (BL 96662, 4th Cir., No. 13-7152, 4/8/14). See attached circuit rulings.

**GROUND THREE: INEFFECTIVE ASSISTANCE OF COUNSEL: Defense Counsel (DAMERON), failed to object to the erroneous application of the career-offender provisions of the U.S.Sentencing Guidelines.**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Movant received an erroneous application of the career-offender provisions of the U.S.Sentencing Guidelines and was sentenced to " 300 Months " qualifys as "a fundamental miscarriage of justice" that can be corrected on collateral review due to Counsel's failure to object to this error fell "below an objective standard of reasonableness". And also movant failed to file his collateral challenge within the one-year deadline for motions under 28 USC § 2255, based on an incorrect application of the career offender enhancement at sentence in 2007, where at that time and before his sentence, NINTH CIRCUIT has already held in KOVAC 2004, that " A generic conviction under California Health & Safety Code § 11352 does not qualify as a predicate conviction under the career offender U.S.Sentencing Guidelines Manual. See attached circuit rulings. ( MISAPPLYING ENHANCEMENT IS UNJUST ).

(b) Direct Appeal of Ground Three:

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☒ N/A

(2) If you did not raise this issue in your direct appeal, explain why: N/A

WAIVED DIRECT APPEAL RIGHT

(c) Post-Conviction Proceedings:

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☒ No ☐

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: PERMISSION TO FILE A SECOND OR SUCCESSIVE §2255 MOTION

Name and location of the court where the motion or petition was filed: UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT, CINCINNATI, OHIO [45202-3988].

Docket or case number (if you know): No. 13-4383

Date of the court's decision: JUNE 13, 2014; And, JULY 02, 2014.

Result (attach a copy of the court's opinion or order, if available): DENIED PERMISSION TO
FILE SECOND OR SUCCESSIVE § 2255, AND MOTION TO RECONSIDER AND RE-SUBMIT
IN ACCORDANCE WITH " DOJ AFFIRMATIVE WAIVER " DIRECTIVE ISSUED ON MAY 30,
2014, ON PROCEDURAL BAR ON DESCAMPS.

(3) Did you receive a hearing on your motion, petition, or application?

Yes ❑    No ☒

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ❑    No ☒☒

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ❑    No ❑    N/A

(6) If your answer to Question (c)(4) is "Yes," state:   N/A

Name and location of the court where the appeal was filed:   N/A

Docket or case number (if you know):   N/A

Date of the court's decision:   NONE

Result (attach a copy of the court's opinion or order, if available):   NONE

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or
raise this issue: MOVANT BLACK IS NOW FILING A 28 USC § 2255(f)(3) MOTION
BEFORE THIS COURT, PURSUANT TO SUPREME COURT RULINGS IN DESCAMPS > OLTEN >
> WHITESIDE (BL 96662, 4th Cir., No. 13-7152, 4/8/14).

GROUND FOUR: INEFFECTIVE ASSISTANCE OF COUNSEL: Defense Counsel (DAMERON),
failed to object to the errorneous "+4 Points Enhancement" application at
paragraphs '42' and '45', under 2K2.4, in violation to Amendment 599.
(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

As noted in Movant Black's PSI and Recommendation: see paragraph 43 which
outlines Relevant Conduct in relation to the Armed Bank Robbery because it
occured during the commission of the instant offense of coviction 1B1.3 as
well as paragraphs (42), and (45), where Petitioner was given 2 pts each
for the same conduct pursuant to section 2B3.1(b) "If the offense involved
taken of a financial institution's property, to wit: $55, 505., Whereas in
the Plea Agreement Page 8 of 8, paragraph 4, filed on October 3, 2006, it
is stated that:

" At the scene and in the back seat of the 1999
purple Honda Accord, a red canvass Marlboro bag
containing approximately $54, 274.00 cash stolen from
bank was recovered. "

PAGED ID #: 323, and signed by both parties on September 28, 2006.

(b) **Direct Appeal of Ground Four:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ☐ No ☒☒ **N/A**

    (2) If you did not raise this issue in your direct appeal, explain why: **N/A**

**WAIVED DIRECT APPEAL RIGHT**

(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ☐ No ☒☒

    (2) If your answer to Question (c)(1) is "Yes," state: **N/A**

    Type of motion or petition: **N/A**

    Name and location of the court where the motion or petition was filed: **N/A**

    Docket or case number (if you know): **N/A**

    Date of the court's decision: **N/A**

    Result (attach a copy of the court's opinion or order, if available): **NONE**

    (3) Did you receive a hearing on your motion, petition, or application?

        Yes ☐ No ☒☒ **N/A**

    (4) Did you appeal from the denial of your motion, petition, or application?

        Yes ☐ No ☒☒**N/A**

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

        Yes ☐ No ☐ **N/A**

    (6) If your answer to Question (c)(4) is "Yes," state: **N/A**

    Name and location of the court where the appeal was filed: **N/A**

    Docket or case number (if you know): **N/A**

    Date of the court's decision: **NONE**

    Result (attach a copy of the court's opinion or order, if available): **NONE**

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: MOVANT BLACK IS NOW FILING A 28 USC § 2255(f)(3) MOTION BEFORE THIS COURT, PURSUANT TO SUPREME COURT RULINGS IN <u>DESCAMPS</u> > <u>OLTEN</u> > >> <u>WHITESIDE</u> (BL 96662, 4th Cir., No. 13-7152, 4/8/14).

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

GROUND FOUR

COPIES OF MOVANTS PSR WERE NOT AVAILABLE UNTIL NOW.

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the judgment you are challenging?    Yes ☐  No ☒☒
If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

NONE

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing:    JONATHAN.P.DAMERON

(b) At arraignment and plea:    JONATHAN.P.DAMERON

(c) At trial: N/A

(d) At sentencing:  JONATHAN.P.DAMERON

(e) On appeal:  **NOT APPLICABLE**

(f) In any post-conviction proceeding:  **N/A**

(g) On appeal from any ruling against you in a post-conviction proceeding:  **N/A**

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?      Yes ☒ No ☐

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?       Yes ☐ No ☒

(a)  If so, give name and location of court that imposed the other sentence you will serve in the future:     **NONE**

(b) Give the date the other sentence was imposed:   **NONE**

(c) Give the length of the other sentence: **NONE**

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?  Yes ☐  No ☒

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

   A. Since the Supreme Court remanded the <u>Olten</u> case on November 18, 2013, to the 8th Circuit on a § 2255 motion, it made <u>Descamps</u> retroactive.

   B. Secondly, there is also the nationwide initiative wherein the DOJ states not to challenge the retroactivity of Descamps.

   C. Thirdly, The Circuit Courts agree that in fact, there are now cases where the government is conceding the <u>Descamps</u> is retroactive.

   D. This instant petition is under 28 USC § 2255(f)(3)...

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:
   A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —
       (1) the date on which the judgment of conviction became final;
       (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
       (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
       (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Page 11

Therefore, movant asks that the Court grant the following relief:

or any other relief to which movant may be entitled.

_____ NONE 𝒥𝓑

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on

(month, date, year).

Executed (signed) on July 24, 2014 (date).

_____ James Black

Signature of Movant
James Andre Black
c/o# 04175061

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

N/A

# Attachment's

COPIES OF:

(1)   PLEA AGREEMENT FILED ON 10/03/2006; PSR ; JUDGMENT AND
      ORDER      FILED ON 03/11/2011; ORDER FILED ON 09/28/2011,
      AND ORDER FILED ON JUNE 13, 2014; AND JULY 02, 2014;

(2)   SUPREME COURT RULING IN OLTEN ; 18 USC §852 PROCEEDINGS TO
      ESTABLISH PREVIOUS CONVICTIONS;

(3)   NINTH CIRCUIT RULINGS IN WAYNE: KOVAC AND FOURTH CIRCUIT
      RULING IN WHITESIDE .

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. CR-1-04-057-1 |
| Plaintiff | (Beckwith, Chief Judge) |
| v. | |
| JAMES ANDRE BLACK | **PLEA AGREEMENT** |
| Defendant | |

The United States Attorney for the Southern District of Ohio and the above named defendant by and through counsel, pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, agree as follows:

1. The defendant will plead guilty to **Count Two** and **Count Three** of the Indictment, charging the defendant with Armed Bank Robbery, in violation of 18 U.S.C. § 2113(a) & (d) and Using a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii).

2. The defendant acknowledges understanding the nature and elements of the offense charged and to which the defendant is pleading guilty.

3. The statutory penalties for violating 18 U.S.C. §2113(a)&(d), are imprisonment for not more than twenty five (25) years, a fine not to exceed $250,000.00, and not more than five(5) years of supervised release. The Court may also order the defendant to pay restitution.

4. The statutory penalties for violating 18 U.S.C. § 924(c)(1)(A)(ii), are imprisonment for a mandatory minimum of seven years and a maximum of life to run consecutive to any term of imprisonment imposed in **Count Two**, a fine not to exceed $250,000.00, and not more than three (3) years of supervised release.

5. Prior to the date of sentencing the defendant will pay a special mandatory assessment of $100.00 per felony conviction to the United States District Court.

6. The defendant agrees to abide by each and every term of this agreement. If the defendant makes any statement that is materially false in whole or in part, or fails to comply with any

term of this agreement, the United States has the right to declare this agreement void and to prosecute the defendant to the full extent of the law. If this agreement or the defendant's conviction is voided for any reason, the defendant waives any statute of limitations with respect to the United States prosecuting the defendant for any offense arising from defendant's conduct in this case.

7. The sentence in this case will be imposed by, and is within the sole discretion of, the Court. There is no agreement between the parties as to what the sentence will be. The defendant understands that the United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") are advisory and not mandatory, although the Court is required to consider the Sentencing Guidelines and their application to this case in imposing sentence. The defendant understands that the Court may or may not choose to impose sentence based on the applicable sentencing range under the Sentencing Guidelines for the offense charged.

8. The defendant has thoroughly reviewed with counsel how the Sentencing Guidelines might apply to this case. No one can predict with certainty what Guideline range will be applicable in this case until after a pre-sentence investigation has been completed and the Court has ruled on the results of that investigation. If the Court chooses to apply the Sentencing Guidelines, including upward departures, or otherwise imposes a sentence higher than expected, the defendant has no right to withdraw the guilty plea.

9. The parties stipulate and agree that the November 1, 2003, United States Sentencing Guidelines Manual is applicable in this case.

10. The parties stipulate that the base offense level is 20 pursuant to §2B3.1(a).

11. The parties stipulate that the instant offense involves the armed bank robbery of the PNC Bank at 8425 Vine Street in Cincinnati, Ohio thereby increasing his base offense level by 2 pursuant to §2B3.1(b)(1).

12. The parties stipulate that the amount of loss attributed to the instant offense is $55,505.00 thereby increasing his base offense level by 2 pursuant to §2B3.1(b)(7)( C).

13. There is no agreement regarding the applicability of any other adjustments or departures. There is also no stipulation or recommendation about the defendant's criminal history.

14. The defendant is pleading guilty because the defendant is in fact guilty. The Statement of Facts in this case is true and correct and is attached hereto and made a part of this agreement.

15. There have been no representations whatsoever by any agent or employee of the United

States, or any other law enforcement agency, as to what the final disposition in this matter should and will be.

16. This agreement includes <u>non-binding</u> recommendations by the United States Attorney's Office pursuant to Rule 11(c)(1)(B), however, the defendant understands that the Court is not bound by these recommendations, and the defendant has no right to withdraw a guilty plea if the Court does not follow the recommendations set forth in this plea agreement. The United States Attorney's Office will make the following <u>non-binding</u> recommendations:

 A. If, in the opinion of the United States Attorney's Office, the defendant accepts responsibility, and the probation office recommends a two-level reduction for "acceptance of responsibility," as provided by U.S.S.G. § 3E1.1(a), the United States Attorney's Office will concur in the recommendation; and

 B. If the probation office recommends the above two-level reduction, and the defendant: (1) complies with all the requirements of this agreement, and (2) delivers an executed copy of this plea agreement to the United States Attorney's Office on or before <u>September 29 , 2006 at 9:30 a.m.</u>, and (3) fully and accurately discloses to the U.S. Attorney's Office and the probation office the circumstances surrounding the relevant offense conduct the United States Attorney's Office will recommend an additional one level reduction pursuant to U.S.S.G. § 3E1.1(b), if applicable.

17. The defendant understands and acknowledges that only the United States Attorney, if he chooses to exercise discretion that is solely his, may

 a. apply for a downward departure from the Guideline sentence pursuant to U.S.S.G. § 5K1.1, and/or

 b. within one year of sentencing file a motion for reduction of sentence pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure, in the event the defendant provides what the United States Attorney deems to be substantial assistance to the United States.

18. If, in the opinion of the United States Attorney's Office, the defendant (1) engages in conduct defined under Application Notes 4(a) through (j) of Guideline 3C1.1, (2) commits any misconduct (including, but not limited to, committing a state or federal offense, violating any term of release, or making a false statement or misrepresentation to any government entity or official) after entering into this agreement, or (3) fails to comply with any term of this plea

agreement, then the United States Attorney's Office will not be bound to make the foregoing recommendations, and the defendant will have no right to withdraw the guilty plea.

19.   If the defendant's guilty plea is not accepted by the Court or is later set aside, or if the defendant breaches any part of this agreement, then the United States Attorney's Office will have the right to void this agreement.

20.   The defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed.  Acknowledging all this, and in exchange for the concessions made by the United States Attorney's Office in this plea agreement, the defendant waives all rights to appeal the sentence imposed, unless the sentence imposed includes a term of custody that exceeds the maximum of the Guideline imprisonment range as calculated by the Department of Probation or such Guidelines are calculated incorrectly by the Department of Probation.  The United States Attorney's Office reserves its right to appeal the sentence imposed as set forth in 18 U.S.C. § 3742(b).  If the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his appellate waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

21.   By virtue of pleading guilty, the defendant is not a prevailing party as defined by 18 U.S.C. § 3006A and expressly waives any right the defendant may have to sue the United States.

22.   The defendant has thoroughly reviewed all aspects of this case with counsel and is fully satisfied with counsel's legal representation.  The defendant has received meaningful and satisfactory explanations from counsel concerning each paragraph of this agreement, each of the rights affected by this agreement, and the alternatives available other than entering into this agreement.  After conferring with counsel, the defendant has concluded that it is in the defendant's strategic best interest to enter into this agreement in its entirety, rather than to proceed to trial.

23.   In the event the defendant does not plead guilty, or seeks to withdraw a guilty plea, the defendant waives any protection afforded by Section 1B1.8(a) of the Guidelines, Rule 11(f) of the Federal Rules of Criminal Procedure, and Rule 410 of the Federal Rules of Evidence.  Any statements made by the defendant in the course of any plea discussions, any proceeding under Rule 11 of the Federal Rules of Criminal Procedure, or any cooperation with the government will be admissible against the defendant without any limitation in any civil or

criminal proceeding.

24.    The defendant agrees to give complete cooperation to law enforcement authorities and others regarding the defendant's activities and those of others in relation to the offense of conviction and other matters on the following terms and conditions:

A.    The defendant shall cooperate fully, truthfully, completely and forthrightly with the United States Attorney's Office for the Southern District of Ohio and other federal, state and local law enforcement authorities identified by this Office in any and all matters the United States deems the cooperation relevant. Cooperation may include, but will not necessarily be limited to: answering questions; providing sworn written statements; taking polygraph examination(s); and participating in covert law enforcement activities. Any refusal by the defendant to cooperate fully, truthfully, completely and forthrightly as directed by United States Attorney's Office and other federal, state and local law enforcement authorities will constitute a breach of this agreement by the defendant, and will relieve the United States Attorney's Office of its obligations under this agreement or any other agreement between the parties whether entered before or after this agreement. Such a breach by the defendant will not constitute a basis for withdrawal of a plea of guilty or otherwise relieve the defendant of the defendant's obligations under this agreement.

B.    The defendant shall promptly turn over to the United States or other law enforcement authorities or direct such law enforcement authorities to any and all evidence of crime; all contraband and proceeds of crime; and all assets traceable to such proceeds of crime. The defendant agrees to the forfeiture of all assets which are proceeds of crime or traceable to such proceeds of crime and all instruments that the defendant used to aid in committing the crimes.

C.    The defendant shall submit a full and complete accounting of all of the defendant's financial assets, whether such assets are in the defendant's name or in the name of a third party.

D.    The defendant shall testify fully, completely and truthfully before any and all Grand Jury(ies) in the Southern District of Ohio, and elsewhere, and at any and all trials or other court proceedings in the Southern District of Ohio and elsewhere, at which the defendant's testimony may be deemed relevant by the United States.

E.    Nothing in this agreement allows the defendant to commit any criminal violation of local, state or federal law. The commission of a criminal offense during the period of the defendant's cooperation or at any time prior to sentencing will constitute a breach of this plea agreement and will relieve the United States Attorney's Office of all of its obligations under this agreement or under any other agreement between the parties. Such a breach will not entitle the defendant to withdraw a plea of guilty or relieve the defendant of the defendant's obligations under this agreement. To establish a breach of this agreement, the United States Attorney's Office need only prove the defendant's commission of a criminal offense by a preponderance of the evidence.

F.    The defendant's cooperation includes making restitution in this matter in a schedule and amount to be determined by the Court.

25.   Should the defendant knowingly provide incomplete or untruthful testimony, statements, or information pursuant to this agreement, or falsely implicate or incriminate any person, or fail to voluntarily and unreservedly disclose and provide full, complete, truthful, and honest knowledge, information, and cooperation, the following conditions shall apply:

A.    The defendant may be prosecuted for any perjury, false declarations, or obstruction of justice, if the defendant commits such a violation.

B.    The defendant's own admissions, statements, and any information, books, papers, documents, and objects that the defendant has furnished in the course of the defendant's cooperation with the United States may be used against the defendant.

C.    The defendant will not be permitted to withdraw the guilty plea contemplated by this agreement. In the alternative, at the option of the United States, the United States may declare this entire plea agreement null and void.

26.   The defendant's plea of guilty is freely and voluntarily made and not the result of force or threats, or of promises apart from those set forth in this agreement.

27.   The defendant and the defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant, and the defendant fully and completely understands the agreement in its entirety.

28.   This document constitutes the entire agreement between the defendant and the United States Attorney's Office for the Southern District of Ohio in this matter. There are no agreements,

6

understandings or promises between the parties other than those contained in this agreement.

GREGORY G. LOCKHART
United States Attorney

10-2-06
Date

Anthony Springer (0067716)
Assistant U.S. Attorney
Atrium Two Building
221 East Fourth Street, Suite 400
Cincinnati, Ohio 45202-4166
(513) 684-3711

9-28-06
Date

James Andre Black
Defendant

9-28-06
Date

Jonathan P. Dameron
Schuh & Goldberg LLP
2662 Madison Rd.
Cincinnati, Ohio 45208
Attorney for Defendant

<u>STATEMENT OF FACTS</u>

On April 12, 2004, at approximately 10:24 a.m., Leonard Drister, along with James Black and Trevor D. Woods, entered the PNC Bank at 8425 Vine Street in Cincinnati, Ohio, wearing masks and gloves and carrying guns. Upon entering the bank, James Black and Trevor D. Woods immediately jumped the teller counter and began removing money from the cash drawers. Leonard Drister ordered the bank employees and customers to the ground at gun point.

After stealing approximately $55,505.00, Leonard Drister along with Black and Woods left the bank. They fled the scene in a 2003 maroon Nissan Altima. After traveling a short distance, and upon arriving at the Williamsburg Apartment Complex on Galbraith Road, Cincinnati, Ohio, all three men jumped out of the maroon Nissan Altima and entered a 1999 purple Honda Accord, with California license #4UMJ190.

Following a short police chase, the driver of the 1999 purple Honda Accord lost control and crashed into a tree. As the vehicle came to a stop, Leonard Drister, James Black and Trevor D. Woods immediately exited the vehicle in an attempt to flee. Leonard Drister, armed with a 9mm Beretta model 92 FS semi-automatic handgun, serial #BER2952672, fired six gunshots at police officers as he fled. All three men were apprehended and arrested at approximately 11:25 a.m. near the intersection of Lester and Douglas Streets.

At the scene and in the back seat of the 1999 purple Honda Accord, a red canvass Marlboro bag containing approximately $54,274.00 cash stolen from the bank was recovered.

For the Court's information, the PNC Bank located at 8425 Vine Street is within the Southern District of Ohio and its deposits are and were at all times relevant to the Indictment, insured by the Federal Deposit Insurance Corporation.

*******

I have reviewed the above statement of facts with my attorney. I agree to the accuracy of the statement of facts and acknowledge the truth of the statement of facts as detailed above.

9-28-06
_____
Date

_James Black_
James Andre Black
Defendant

9-28-06
_____
Date

_Jonathan P. Dameron_
Jonathan P. Dameron
Attorney for Defendant

7

RE:  **Black, James Andre**

39.  In reference to **Count Three**, which is a violation of 18 U.S.C. § 924(c)(1)(A)(ii), and pursuant to U.S.S.G. § 3D1.1(b), a count of conviction for which the statute specifies a term of imprisonment to be imposed and requires such sentence to run consecutively to any other term of imprisonment, is excluded from the application of U.S.S.G. §§ 3D1.2 through 3D1.5, and is not grouped with other counts.

40.  In accordance with U.S.S.G. § 5G1.2(a), the sentence to be imposed on Count Three shall be determined by statute and imposed independently.

### Count Two

41.  **Base Offense Level:** The guideline for violation of 18 U.S.C. §§ 2113(a) and (d) is found at U.S.S.G. § 2B3.1(a) and establishes a base offense level of 20.                                          **20**

42.  **Specific Offense Characteristics:** The instant offense involves the armed bank robbery of the PNC Bank at 8425 Vine Street in Cincinnati, Ohio.  U.S.S.G. § 2B3.1(b)(1) states if the property of a financial institution was taken, there is a two level increase.                       **+2**

43.  **Specific Offense Characteristic:**  In determining the applicability of the enhancements in the offense level for the use of a firearm as described in U.S.S.G. § 2B3.1(b)(2), the provisions of U.S.S.G. § 1B1.3, <u>Relevant Conduct</u>, and the provisions of U.S.S.G. § 2K2.4, which is the sentencing guideline applicable to violations of 18 U.S.C. 924(c) were considered.  According to U.S.S.G. § 1B1.3, the application of a specific offense characteristic is determined based upon all acts committed by the defendant.  In the case of jointly undertaken criminal conduct, a specific offense characteristic is determined based upon all reasonably foreseeable acts committed in furtherance of the jointly undertaken criminal activity.  Furthermore, all acts that occurred during the course of attempting to avoid detection for or responsibility for that offense shall be considered when determining the applicability of a specific offense characteristic.  According to Application Note 4 of U.S.S.G. § 2K2.4, however, when a sentence is imposed for a violation of 18 U.S.C. § 924(c) in conjunction with a sentence for an underlying offense, the specific offense characteristic for the discharge, use, brandishing, or possession of a firearm is not applied in respect to such underlying offense, in order to avoid double counting.

44.  Although Black brandished a firearm during the robbery of the bank, there is no increase in the offense level because this conduct is considered as part of relevant conduct, pursuant to U.S.S.G. § 1B1.3 and Black entered a plea of guilty to a violation of 18 U.S.C. § 924(c).

45.  **Specific Offense Characteristics:**  $55,505 was taken during the instant offense.  Pursuant to U.S.S.G. § 2B3.1(b)(7)(C), if more than $50,000 but not more than $250,000 was taken, there is a two level increase.                                                                       **+2**

46.  **Victim Related Adjustment:** According to U.S.S.G. § 3A1.2(b)(1), <u>Official Victim</u>, if, in a manner creating substantial risk of serious bodily injury, the defendant or a person for whose conduct the defendant is otherwise accountable, knowing or having reasonable cause to believe that a person was

**RE:  Black, James Andre**                                                                                        8

a law enforcement officer, assaulted such officer during the course of the offense or after the offense or immediate flight therefrom, increase the offense level by 3 levels.  As previously stated, Black did not assist Drister who fired shots at the police.  Accordingly, Black is not held responsible for this conduct and no adjustment is warranted under U.S.S.G. § 3A1.2(b)(1), Official Victim.                    0

47.    **Adjustment for Role in the Offense**:  Black's role in the offense was neither aggravating nor mitigating.  Accordingly, there is no adjustment for role in the offense.                    0

48.    **Adjustment for Obstruction of Justice:**  Although Black fled from police officers, this conduct does not constitute obstruction of justice, according to U.S.S.G. § 3C1.1.  Application Note 5(d) of U.S.S.G. § 3C1.1, states conduct constituting avoiding or fleeing from arrest, does not ordinarily warrant application of the enhancement for Obstruction of Justice.

49.    U.S.S.G. § 3C1.2 provides for a two level increase in the offense level if the defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer.  Application Note 5 of U.S.S.G. § 3C1.2 states a defendant is accountable for his own conduct and for conduct that he aided or abetted, counseled, commanded, induced, procured, or willfully caused.  Drister shot at police as the pursuit ended.  There is no evidence that Black aided or induced Drister regarding shooting at the police.  For this reason, an enhancement for Reckless Endangerment During Flight under U.S.S.G. § 3C1.2 does not pertain to Black's conduct.                    0

50.    **Adjusted Offense Level (subtotal):**                    24

51.    **Career Offender Adjustment:**  According to U.S.S.G. § 4B1.1(a), a defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

52.    The defendant committed the instant offense at age 34 and the instant federal offense is a crime of violence.  He has three prior convictions which constitute controlled substance offenses.  These convictions consist of two Transport/Sell Narcotic Controlled Substance offenses and one Possess/Purchase Cocaine Base for Sale conviction.  Black was arrested for these offenses on June 3, 1990 (Case number VA011131), May 18, 1993 (Case Number VA025279), and October 1, 2004 (Case Number BA277075).  He is, therefore, a career offender.  U.S.S.G. § 4B1.1(b) indicates the offense level is the greater of the otherwise applicable offense level or the offense level as determined under U.S.S.G. § 4B1.1.

53.    Because the maximum penalty of imprisonment for Bank Robbery by Force or Violence, a violation of 18 USC 2113(a) & (d), is 25 years, the offense level subtotal is 34, according to U.S.S.G. § 4B1.1(b).                    34

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT CINCINNATI

James Black,
      Petitioner

    v.                         Case No. 1:04-cr-57-2

United States of America,
      Respondent

### JUDGMENT

**Jury Verdict.**    This action came before the Court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

**X**   **Decision by Court.** This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

     **IT IS ORDERED AND ADJUDGED** that petitioner's motion for relief from judgment is **DENIED**.

     A certificate of appealability will not issue. The Court certifies that an appeal of this Judgment would not be taken in good faith and, therefore, denies petitioner leave to appeal in forma pauperis.

Date: March 11, 2011           James Bonini, Clerk

                               By: s/Mary C. Brown
                               Mary C. Brown, Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

James Black,                      )
                                  )
                Petitioner,       )  Case No. 1:04-CR-57-002
                                  )
        vs.                       )
                                  )
United States of America,         )
                                  )
                Respondent.       )

O R D E R

Petitioner James Black filed a motion to void judgment pursuant to Fed. R. Civ. P. 60(b)(4) (Doc. No. 123). Petitioner's motion contends that the sentences the Court imposed on his convictions for bank robbery and brandishing a firearm during a crime of violence are void and invalid because the evidence at sentencing was insufficient to conclude that his prior convictions made him eligible to be sentenced as a career offender pursuant to U.S.S.G. § 4B1.1.

Although styled as a motion for relief from judgment pursuant to Rule 60(b), Petitioner's motion clearly is a collateral attack on his sentences because he claims that the Court misapplied the Sentencing Guidelines in sentencing him as a career offender. Therefore, Petitioner's motion should be construed as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. United States v. Peterman, 249 F.3d 458, 461 (6th Cir. 2001)("Section 2255 is the primary avenue

for relief for federal prisoners contesting the legality of their sentences[.]").

The Court sentenced Petitioner to a total term of 300 months of imprisonment, to be served consecutive to an undischarged state term of imprisonment in California, on February 21, 2007. Doc. No. 102. The Sixth Circuit Court of Appeals dismissed Petitioner's direct appeal on December 12, 2007 because he waived his appellate rights in his plea agreement. Doc. No. 114. Petitioner did not apply to the United States Supreme Court for a writ of certiorari. Therefore, his convictions and sentences became final 90 days later on March 12, 2008. Consequently, pursuant to 28 U.S.C. § 2255(f)(1), Petitioner had one year, or until March 12, 2009, to file a motion to vacate, set aside, or correct his sentence. Petitioner filed the instant motion on February 7, 2011, or almost two years after the expiration of the statute of limitations. Thus, his motion is untimely. See Day v. McDonough, 528 U.S. 198, 209 (2006) (district court may sua sponte consider timeliness of habeas petition).

Petitioner's motion suggests that he is entitled to equitable tolling of the statute of limitations because he has been in lockdown status in state prison and was unable to file his motion in time. Even if the Court accepted Petitioner's equitable tolling argument (and it does not), he nonetheless

2

would not be entitled to relief on the merits of his claim.
Petitioner only asserts an alleged misapplication of the
Sentencing Guidelines by the Court. Petitioner procedurally
defaulted this claim because he waived his direct appeal rights.
"Relief is not available in a section 2255 proceeding for a claim
of nonconstitutional, sentencing guideline error when that error
was procedurally defaulted through the failure to bring a direct
appeal." Hunter v. United States, 160 F.3d 1109, 1115 (6th Cir.
1998); Elzy v. United States, 205 F.3d 882, 886-87 (6th Cir.
2000) (court may sua sponte raise procedural default).

## Conclusion

**IT IS THEREFORE ORDERED:**

1.   Petitioner's motion for relief from judgment, properly construed as a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, is not well-taken and is **DENIED**.

2.   A certificate of appealability shall not issue on the matters raised herein. <u>See</u> 28 U.S.C.A. § 2253(c); Fed. R. App. P. 22(b). Petitioner remains free to request issuance of a certificate of appealability from the Court of Appeals. <u>Id</u>.

3.   The Court certifies pursuant to 28 U.S.C.A. § 1915(a)(3) that an appeal of this order would not be taken in good faith, and therefore **DENIES** Petitioner leave to appeal <u>in forma pauperis</u>. <u>See</u> Fed. R. App. P. 24(a); <u>Kincade v. Sparkman</u>, 117 F.3d 949, 952 (6th Cir. 1997).


Date <u>March 11, 2011</u>                 <u>s/Sandra S. Beckwith</u>
                                        Sandra S. Beckwith
                              Senior United States District Judge

4

No. 11-3365

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

JAMES ANDRE BLACK,           )

       Petitioner-Appellant,     )

v.                             )

UNITED STATES OF AMERICA,    )

       Respondent-Appellee.      )

**O R D E R**

> **FILED**
> *Sep 28, 2011*
> LEONARD GREEN, Clerk

James Andre Black, a federal prisoner proceeding pro se, appeals the district court's denial of his motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. This court construes Black's notice of appeal as a request for a certificate of appealability ("COA"). *See* Fed. R. App. P. 22(b). Black also requests leave to proceed in forma pauperis on appeal.

Pursuant to a plea agreement, Black pled guilty to bank robbery and brandishing a firearm during a crime of violence. In February 2007, the district court sentenced him, as a career offender, to 300 months' imprisonment. Upon the Government's motion, this court dismissed Black's appeal from his sentence because he had waived his appellate rights by entering the plea agreement. *United States v. Black*, No. 07-3240 (6th Cir. Dec. 12, 2007). Black did not seek a writ of certiorari from the Supreme Court.

On February 7, 2011, Black moved the district court to void his conviction and sentence under Federal Rule of Civil Procedure 60(b). In his motion, he took issue with the predicate convictions used to sentence him as a career offender. Because Black's motion collaterally attacked his sentence, the district court construed it as one filed under 28 U.S.C. § 2255. The court denied the motion because it was time-barred and the statute of limitations could be neither tolled nor

excepted. Black appealed. Because the district court declined to issue Black a certificate of appealability, his notice of appeal is construed as a request for a COA.

Under 28 U.S.C. § 2253(c), "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Black's motion to correct his sentence is unequivocally time-barred. Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a federal prisoner must attack his sentence within one year of the date on which his conviction becomes final. 28 U.S.C. § 2255(f). In this case, the limitations period started running on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). For Black, AEDPA's one-year clock started ticking on March 12, 2008 — the day after which his time to petition the United States Supreme Court for direct review expired. *See Clay v. United States*, 537 U.S. 522, 528 n.3 (2003); Sup. Ct. R. 13. Unless the clock was tolled, he therefore needed to file a § 2255 motion by March 12, 2009. Black filed on February 7, 2011. And there is no reason to equitably toll Black's AEDPA clock.

A habeas petitioner "is 'entitled to equitable tolling' if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)) (emphasis deleted in original). The doctrine of equitable tolling is applied "sparingly" and the petitioner "bears the burden of proving he is entitled to it." *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010) (citations omitted). Here, Black's motion suggests one equitable tolling argument; it lacks merit.

Black alleged that his confinement in a state prison made it impossible to timely file a motion under § 2255. To this end, he claimed that "when [he would] try to go to the law library the place would be on lock down" and denoted the library's lack of federal law books. "[A]llegations regarding insufficient library access, standing alone, do not warrant equitable tolling." *United States*

No. 11-3365
- 3 -

*v. Stone*, 68 F. App'x 563, 565-66 (6th Cir. 2003); *see also Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002) (noting that "an inmate's lack of legal training" does not provide a basis to toll the statute of limitations); *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) ("[A] claim of insufficient access to relevant law, such as AEDPA, is not enough to support equitable tolling."). In short, Black proffered nothing that excuses the tardiness of his motion.

Moreover, Black cannot avail himself of the actual innocence exception to AEDPA's statute of limitations because he has not "prove[n] that new reliable evidence establishes his innocence by a more-likely-than-not standard." *Ross v. Berghuis*, 417 F.3d 552, 556 (6th Cir. 2005) (citing *Souter v. Jones*, 395 F.3d 577, 602 (6th Cir. 2005)).

Furthermore, Black procedurally defaulted his claim via the plea agreement waiver. *See Hunter v. United States*, 160 F.3d 1109, 1115 (6th Cir. 1998) ("Relief is not available in a section 2255 proceeding for a claim of nonconstitutional, sentencing-guideline error when that error was procedurally defaulted through the failure to bring a direct appeal." (citing *Grant v. United States*, 72 F.3d 503, 505 (6th Cir. 1996))).

Because Black did not demonstrate that he is entitled to tolling of AEDPA's time limitation, he obviously filed his federal habeas petition almost two years too late. Indeed, this is a case "[w]here a plain procedural bar is present[,] . . . the district court [was] correct to invoke it to dispose of the case" and "a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Slack*, 529 U.S. at 484.

Accordingly, Black's request for a certificate of appealability is denied. His motion to appeal in forma pauperis is denied as moot.

ENTERED BY ORDER OF THE COURT

*[signature]*

Clerk

# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

Deborah S. Hunt
Clerk

100 EAST FIFTH STREET, ROOM 540
POTTER STEWART U.S. COURTHOUSE
CINCINNATI, OHIO 45202-3988

Tel. (513) 564-7000
www.ca6.uscourts.gov

Filed: June 13, 2014

Mr. James Andre Black
F.C.I. Victorville - Medium II
P.O. Box 3850
Adelanto, CA 92301

Mr. Benjamin C. Glassman
U.S. Attorney's Office
221 E. Fourth Street
Suite 400
Cincinnati, OH 45202

Re: Case No. 13-4383, *In re: James Black*
Originating Case No. : 1:04-cr-00057-2

Dear Sirs,

The Court issued the enclosed (Order/Opinion) today in this case.

Sincerely yours,

s/Laura A. Jones
Case Manager
Direct Dial No. 513-564-7023

cc: Mr. John P. Hehman

Enclosure

No mandate to issue

No. 13-4383

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

```
┌─────────────────────────────┐
│            FILED            │
│         Jun 13, 2014        │
│   DEBORAH S. HUNT, Clerk    │
└─────────────────────────────┘
```

In re: JAMES ANDRE BLACK,           )
                                    )
        Movant.                     )           O R D E R
                                    )
                                    )

Before:  BATCHELDER, Chief Judge; GILMAN and GRIFFIN, Circuit Judges.

James Andre Black, a federal prisoner proceeding pro se, moves this court for an order authorizing the district court to consider a second or successive motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.  *See* 28 U.S.C. §§ 2244(b), 2255(h).  The government filed a response in opposition.

Black pleaded guilty to bank robbery and assault, in violation of 18 U.S.C. § 2113(a) and (d), and to brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c). He was sentenced as a career offender to a total term of 300 months of imprisonment.  This court dismissed his appeal because he waived his appellate rights in the plea agreement.  *United States v. Black,* No. 07-3240 (6th Cir. Dec. 12, 2007).  In 2011, Black filed a motion that was construed as a § 2255 motion.  It was dismissed as untimely, and this court declined to issue a certificate of appealability.  *Black v. United States,* No. 11-3365 (6th Cir. Sept. 28, 2011).  In November 2013, he filed an application in this court requesting an order authorizing the district court to consider a second or successive § 2255 motion.  He later corrected his application at this court's request.

We may authorize the filing of a second or successive § 2255 motion only if the applicant makes a prima facie showing that the motion relies either on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" or on newly discovered evidence that would be sufficient to establish by clear and

No. 13-4383
- 2 -

convincing evidence that no reasonable factfinder would have found the applicant guilty. 28 U.S.C. § 2255(h).

Black first claims that his attorney was ineffective for failing to challenge the use of his prior convictions under California Health & Safety Code § 11352 as predicate offenses under the Armed Career Criminal Act. He asserts that this claim relies on a new rule of constitutional law, citing *Descamps v. United States*, 133 S. Ct. 2276 (2013). Therein, the Supreme Court held that, in determining whether a prior conviction qualifies as a predicate offense under the Armed Career Criminal Act, "sentencing courts may not apply the modified categorical approach when the crime of which the defendant was convicted has a single, indivisible set of elements." *Descamps*, 133 S. Ct. at 2282. *Descamps* did not announce a new rule of constitutional law. *Id.* at 2281-82. Nor was the holding made retroactive to cases on collateral review. *See Tyler v. Cain*, 533 U.S. 656, 663 (2001).

Black next claims that his attorney was ineffective for failing to present evidence that the PNC Bank on Vine Street in Cincinnati, Ohio, was not insured by the Federal Deposit Insurance Corporation (FDIC) at the time that he committed the bank robbery. In support of this claim, Black submits evidence that he recently discovered through a public-records request. Black alleges that this "newly discovered evidence" demonstrates that the bank was not FDIC-insured at the time of the robbery, negating an element of his offense. *See* 18 U.S.C. § 2113(f). Even assuming that this evidence qualifies as newly discovered, it is not sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found Black guilty. The records establish that the PNC Bank, National Association has been FDIC-insured since 1934, and one document dated June 2004 shows that the Vine Street branch is an office of the PNC Bank, National Association. These records fail to demonstrate that the Vine Street branch was not part of the PNC Bank, National Association or that it was otherwise not FDIC-insured at the time of the robbery in April 2004.

No. 13-4383
- 3 -

For the foregoing reasons, we deny Black permission to file a second or successive § 2255 motion.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk

# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT
100 EAST FIFTH STREET, ROOM 540
POTTER STEWART U.S. COURTHOUSE
CINCINNATI, OHIO 45202-3988

Deborah S. Hunt
Clerk

Tel. (513) 564-7000
www.ca6.uscourts.gov

Filed:  July 02, 2014

James Andre Black
F.C.I. Victorville - Medium II
P.O. Box 3850
Adelanto, CA 92301

Re:  Case No. 13-4383, *In re: James Black*
Originating Case No. : 1:04-cr-00057-2

Dear Mr. Black,

   The court denied your § 2244 application by order filed [June 13, 2014].  The order was self-executing the day it was filed and a mandate does not issue.

   The court's decision in In re King, 190 F.3d 479 (6th Cir. 1999), cert denied, 2000 WL 305924 (U.S. Mar 27, 2000)(No. 99-7952) prohibits the court from revisiting its decision no matter how such a request is styled.  King held that § 2244(b)(3) means what it says when it states that the grant or denial of an authorization to file a second or successive habeas corpus petition "shall not be appealable" nor "subject to a petition for rehearing or for a writ of certiorari."  The reason for seeking rehearing or reconsideration does not matter.

   The decision further instructed the clerk's office to return any party petitions seeking rehearing or rehearing en banc of the panel decision to grant or deny a request to file a second or successive writ of habeas corpus in the district court.  All such petitions which have been received have been returned to the sender without the court taking any action.  If there is anything new to which you want to bring the court's attention, you will need to file a new § 2244 application.

Sincerely yours,

s/Michelle M. Davis
Case Manager
Direct Dial No. 513-564-7025

cc:  Mr. Benjamin C. Glassman

Enclosure

**Dale Scott Olten, Sr.,** Movant - Appellant v. United States of America, Respondent - Appellee
UNITED STATES COURT OF APPEALS FOR THE EIGHTH CIRCUIT
2014 U.S. App. LEXIS 9027
No. 12-3629
March 5, 2014, Submitted
May 15, 2014, Filed

Notice:

**PLEASE REFER TO FEDERAL RULES OF APPELLATE PROCEDURE RULE 32.1 GOVERNING THE CITATION TO UNPUBLISHED OPINIONS.**

Editorial Information: Prior History

Appeal from United States District Court for the Western District of Missouri - Jefferson City. Olten v. United States, 134 S. Ct. 639, 187 L. Ed. 2d 415, 2013 U.S. LEXIS 8369 (U.S., 2013)

**Counsel**     Dale Scott Olten, Sr., Movant - Appellant, Pro se, Yazoo City, MS.
For United States of America, Respondent - Appellee: Jim Lynn, Assistant U.S. Attorney, U.S. ATTORNEY'S OFFICE, Western District of Missouri, Jefferson City, MO.

**Judges:** Before WOLLMAN, SHEPHERD and KELLY, Circuit Judges. KELLY, Circuit Judge, concurring.

Opinion

PER CURIAM.

This case is before us on remand from the Supreme Court of the United States. See **Olten** v. United States, 134 S. Ct. 639, 187 L. Ed. 2d 415 (2013). The Supreme Court granted certiorari, vacated this court's order denying a certificate of appealability, see **Olten** v. United States, No. 12-2629 (Mar. 15, 2013), and remanded the case for further consideration in light of Descamps v. United States, 133 S. Ct. 2276, 186 L. Ed. 2d 438 (2013). After further consideration, we again deny a certificate of appealablity in this case.

I.

Dale Scott **Olten**, Sr., was convicted of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and of possession of a stolen firearm, in violation of 18 U.S.C. § 922(j). He was sentenced as an armed career criminal (ACC) under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e) (person who violates section 922(g) and has three previous convictions for violent felony, serious drug offense, or both, committed on occasions different from one another is subject to minimum 15-year prison term). He did not challenge the ACC determination on direct appeal. In a 28 U.S.C. § 2255 motion, however, he claimed that he received ineffective assistance of counsel in the district court and on appeal, and that he was sentenced above the applicable statutory maximum, because his sentence under section 924(e) was based in part on two prior burglary convictions under California Penal Code § 459 (West 1983)1 ("Every person who enters [certain types of locations] with intent to commit grand or petit larceny or any felony is guilty of burglary."), which he maintained were not violent felonies under section 924(e).

CIRHOT                                       1

© 2014 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.



The district court denied the section 2255 motion. The court reviewed the charging documents related to Olten's California burglary convictions, determined that the convictions met the definition of generic burglary, and concluded that they qualified as violent felonies under section 924(e). In so determining, the district court relied on our decision in <u>United States v. Painter</u>, 400 F.3d 1111, 1113-14 (8th Cir. 2005) (definition of burglary in California statute is broader than generic burglary because California statute does not require unlawful or unprivileged entry into building; where information charged equivalent of generic burglary, conviction under California statute was prior violent felony for purposes of section 924(e) as neither plea agreement nor plea colloquy established defendant pleaded guilty to offense that was not generic burglary). This court agreed and denied Olten's request for a certificate of appealability. In November 2013, the Supreme Court granted Olten's petition for a writ of certiorari, vacated our prior judgment, and remanded this matter to us for further consideration in light of its June 2013 decision in <u>Descamps</u>.

II.

Having considered this matter in light of <u>Descamps</u>, we conclude that it is now clear that Olten's two prior California burglary convictions should not have been used to enhance his sentence under the ACCA. <u>See</u> 133 S. Ct. at 2283-93 (holding that sentencing court may not apply modified categorical approach to sentences under section 924(e) when crime of conviction has single, indivisible set of elements; concluding that, because Cal. Penal Code § 459 contained single, indivisible set of elements, sentencing court erred when it looked at supporting documents to determine if appellant's burglaries were violent felonies under ACCA; noting that conviction under Cal. Penal Code § 459 was "never for generic burglary").

Although the ACCA should not have been applied to Olten's sentence, it does not follow that **Olten** is necessarily entitled to relief under section 2255. In his section 2255 motion, **Olten** claims (1) that he received ineffective assistance of counsel in connection with the determination that his California burglary convictions were violent felonies under section 924(e), and (2) that his sentence exceeded the statutory maximum that would have applied had he been correctly sentenced without the ACCA enhancement. Ineffective assistance of counsel and receiving a sentence that exceeds the maximum allowed by law are two grounds upon which relief may be granted under section 2255. <u>See</u> 28 U.S.C. § 2255(a) (prisoner in custody may move the sentencing court to vacate, set aside, or correct sentence imposed in violation of the Constitution or laws of the United States or in excess of the maximum authorized by law).

We first consider whether Olten's counsel provided ineffective assistance in not objecting to the classification of Olten's California burglary convictions as violent felonies under section 924(e). At the time **Olten** was sentenced, the law in this circuit was settled that if the defendant was previously convicted of burglary in California and the charging document established that the conviction was for a generic burglary, the conviction could be considered a prior violent felony for purposes of the ACCA. <u>See Painter</u>, 400 F.3d at 1113-14. Thus, any objection by counsel at sentencing that Olten's California burglary convictions were not crimes of violence would have been futile, and we therefore conclude that counsel could not be considered ineffective for failing to so object. <u>See Hamberg v. United States</u>, 675 F.3d 1170, 1173 (8th Cir. 2012) (counsel not ineffective for failing to object to correct application of settled law within circuit); <u>cf. Brown v. United States</u>, 311 F.3d 875, 878 (8th Cir. 2002) (counsel not ineffective for failing to make "<u>Apprendi</u>-type" argument prior to <u>Apprendi</u>); <u>Fields v. United States</u>, 201 F.3d 1025, 1027 (8th Cir. 2000) (counsel not ineffective for failing to raise claim on issue where there is split of authority among circuits, but no Eighth Circuit or Supreme Court law on subject); <u>Wajda v. United States</u>, 64 F.3d 385, 388 (8th Cir. 1995) (counsel not ineffective for failing to predict future developments in law).

CIRHOT

2

© 2014 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.



We next turn to Olten's claim that his sentence on the felon-in-possession conviction exceeded the applicable statutory maximum. We first note that, even though **Olten** did not raise this claim on direct appeal, he is not foreclosed from raising it under section 2255. See 28 U.S.C. § 2255 (prisoner may raise claim that sentence "was in excess of the maximum authorized by law" in motion to vacate); cf. Ackerland v. United States, 633 F.3d 698, 702 (8th Cir. 2011) (our cases establish that otherwise valid waiver of appeal or postconviction rights does not prevent defendant from attacking illegal sentence); United States v. Wilson, 997 F.2d 429, 431 (8th Cir. 1993) (per curiam) (while defendant procedurally defaulted Guidelines claim by failing to raise it on direct appeal, his claim that supervised release was in excess of statutory maximum was not defaulted because section 2255 expressly makes relief available for sentence in excess of maximum authorized, and illegal sentence is manifest injustice). However, we further conclude that-for the following reasons-**Olten** is not entitled to relief from his sentence on this claim, even after Descamps.

The district court sentenced **Olten** to 235 months imprisonment on the felon-in possession of a firearm offense by treating **Olten** as an ACC. The court imposed a concurrent 120-month sentence on the possession of a stolen firearm offense. At sentencing, the court expressly stated that it was sentencing **Olten** at the top of his advisory Guidelines imprisonment range of 188-235 months because it viewed the facts as extreme and believed a longer sentence was appropriate due to the threat he posed to the community. We conclude that-even though Olten's prior California burglary convictions should not have been used to enhance his sentence under the ACCA, and the 235-month prison term on the felon-in-possession count alone exceeded the 10-year statutory maximum for that count, see 18 U.S.C. § 924(a)(2)-the same 235-month sentence "could be reimposed were [**Olten**] granted the § 2255 relief he requests" by imposing consecutive terms of imprisonment for the two counts of conviction under 18 U.S.C. § 3584. See Sun Bear v. United States, 644 F.3d 700, 705 (8th Cir. 2011) (en banc) ("An unlawful or illegal sentence is one imposed without, or in excess of, statutory authority."). Hence, **Olten** is not entitled to relief on his section 2255 motion. Cf. United States v. Bossany, 678 F.3d 603, 606-607 (8th Cir. 2012) (noting illegal sentence alone does not establish prejudice necessary for plain-error relief; holding district court's error in imposing 90-month sentence for conspiracy, which exceeded 60-month statutory maximum, did not affect defendant's substantial rights because defendant was sentenced to 90 months on companion conviction with 240-month statutory maximum); United States v. Diaz, 296 F.3d 680, 682-85 (8th Cir. 2002) (en banc) (applying plain-error review standard in criminal case on direct appeal; holding that, where defendants were each convicted on multiple counts involving multiple offenses, their "substantial rights" were not affected even though their respective sentences for one particular offense "exceeded the . . . statutory maximum" for that offense; reasoning that, "[b]ecause § 5G1.2(d) mandates consecutive sentences in those cases in which the total punishment exceeds the statutory maximum for any one count and the district court's calculation of total punishment is not affected by [the error in question]," remanding case to district court "would be an idle act").

III.

Accordingly, we again deny Olten's request for a certificate of appealability.

Concur

**Concur by:**      KELLY
KELLY, Circuit Judge, concurring.
I concur in the judgment of this case because we are bound by Sun Bear v. United States, 644 F.3d 700 (8th Cir. 2011) (en banc). I write separately, however, to express concern that we are denying relief based on the sentence a district court hypothetically could-rather than did-impose on Dale

© 2014 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.



**Olten**. The court correctly points out that even absent ACC status, the district court could still sentence **Olten** to a *total* sentence of 235 months by imposing consecutive terms of imprisonment for his two convictions. In doing so, neither term would exceed the 10-year statutory maximum. At the time of the original sentencing, however, a 235-month sentence was within the statutory maximum sentence for the ACC-enhanced felon-in-possession conviction alone; and the sentences were run concurrently. While we generally give great deference to district courts in imposing sentences, as they are in the superior position to make "individualized assessment[s] based on the facts presented," see, e.g., Gall v. United States, 552 U.S. 38, 50-52, 128 S. Ct. 586, 169 L. Ed. 2d 445 (2007), here we are content with speculating what the court might do upon resentencing based solely on what it could do under its statutory authority. As has been said previously, I believe this approach "promotes finality at the expense of justice." Sun Bear, 644 F.3d at 707 (Melloy, J., dissenting); see also Meirovitz v. United States, 688 F.3d 369, 373 (8th Cir. 2012) (Bright, J., concurring) ("The statutory-maximum sentence cannot be the only touchstone for whether or not a miscarriage of justice has occurred at sentencing." (citing Narvaez v. United States, 674 F.3d 621, 629-30 (7th Cir. 2011)). **Olten** should not have been placed in the same category as others correctly classified as ACC, and consequently, deserves to be resentenced. See Meirovitz, 688 F.3d at 373 (Bright, J., concurring) (describing the danger in erroneously classifying an individual as a career offender, even if absent the classification the sentencing guideline range remains the same).

### Footnotes

1

The full text of the California Penal Code § 459 in effect when **Olten** was convicted of burglary in California was:

> Every person who enters any house, room, apartment, tenement, shop, warehouse, store, mill, barn, stable, outhouse or other building, tent, vessel, railroad car, trailer coach, as defined in Section 635 of the Vehicle Code, any house car, as defined in Section 362 of the Vehicle Code, inhabited camper, as defined in Section 243 of the Vehicle Code, vehicle as defined by the Vehicle Code when the doors of such vehicle are locked, aircraft as defined by the Harbors and Navigation Code, mine or any underground portion thereof, with intent to commit grand or petit larceny or any felony is guilty of burglary. As used in this chapter, "inhabited" means currently being used for dwelling purposes, whether occupied or not.Cal. Penal Code § 459 (West 1983).

**United States of America, Plaintiff - Appellee v. Jason Hill, Defendant - Appellant**
**UNITED STATES COURT OF APPEALS FOR THE EIGHTH CIRCUIT**
2014 U.S. App. LEXIS 8557
No. 13-1884
February 14, 2014, Submitted
May 7, 2014, Filed

**Editorial Information: Prior History**

CIRHOT                                    4

© 2014 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.



## § 851. Proceedings to establish previous convictions

### (a) Information filed by United States Attorney.

(1) No person who stands convicted of an offense under this part [21 USCS §§ 841 et seq.] shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon. Upon a showing by the United States attorney that facts regarding prior convictions could not with due diligence be obtained prior to trial or before entry of a plea of guilty, the court may postpone the trial or the taking of the plea of guilty for a reasonable period for the purpose of obtaining such facts. Clerical mistakes in the information may be amended at any time prior to the pronouncement of sentence.

(2) An information may not be filed under this section if the increased punishment which may be imposed is imprisonment for a term in excess of three years unless the person either waived or was afforded prosecution by indictment for the offense for which such increased punishment may be imposed.

### (b) Affirmation or denial of previous conviction.

If the United States attorney files an information under this section, the court shall after conviction but before pronouncement of sentence inquire of the person with respect to whom the information was filed whether he affirms or denies that he has been previously convicted as alleged in the information, and shall inform him that any challenge to a prior conviction which is not made before sentence is imposed may not thereafter be raised to attack the sentence.

### (c) Denial; written response; hearing.

(1) If the person denies any allegation of the information of prior conviction, or claims that any conviction alleged is invalid, he shall file a written response to the information. A copy of the response shall be served upon the United States attorney. The court shall hold a hearing to determine any issues raised by the response which would except the person from increased punishment. The failure of the United States attorney to include in the information the complete criminal record of the person or any facts in addition to the convictions to be relied upon shall not constitute grounds for invalidating the notice given in the information required by subsection (a)(1). The hearing shall be before the court without a jury and either party may introduce evidence. Except as otherwise provided in paragraph (2) of this subsection, the United States attorney shall have the burden of proof beyond a reasonable doubt on any issue of fact. At the request of either party, the court shall enter findings of fact and conclusions of law.

(2) A person claiming that a conviction alleged in the information was obtained in violation of

USCS

© 2014 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

the Constitution of the United States shall set forth his claim, and the factual basis therefor, with particularity in his response to the information. The person shall have the burden of proof by a preponderance of the evidence on any issue of fact raised by the response. Any challenge to a prior conviction, not raised by response to the information before an increased sentence is imposed in reliance thereon, shall be waived unless good cause be shown for failure to make a timely challenge.

## (d) Imposition of sentence.

(1) If the person files no response to the information, or if the court determines, after hearing, that the person is subject to increased punishment by reason of prior convictions, the court shall proceed to impose sentence upon him as provided by this part [21 USCS §§ 841 et seq.].

(2) If the court determines that the person has not been convicted as alleged in the information, that a conviction alleged in the information is invalid, or that the person is otherwise not subject to an increased sentence as a matter of law, the court shall, at the request of the United States attorney, postpone sentence to allow an appeal from that determination. If no such request is made, the court shall impose sentence as provided by this part [21 USCS §§ 841 et seq.]. The person may appeal from an order postponing sentence as if sentence had been pronounced and a final judgment of conviction entered.

(e) **Statute of limitations.** No person who stands convicted of an offense under this part [21 USCS §§ 841 et seq.] may challenge the validity of any prior conviction alleged under this section which occurred more than five years before the date of the information alleging such prior conviction

2

© 2014 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.



UNITED STATES OF AMERICA, Plaintiff - Appellee, v. ERNEST WAYNE, a/k/a MIGUEL ANGEL
CORRALIZA SANCHEZ, Defendant - Appellant.
UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT
329 Fed. Appx. 126; 2009 U.S. App. LEXIS 15209
No. 07-55161
June 16, 2009 **, Submitted
**
July 6, 2009, Filed

**Notice:**

**PLEASE REFER TO FEDERAL RULES OF APPELLATE PROCEDURE RULE 32.1 GOVERNING
THE CITATION TO UNPUBLISHED OPINIONS.**

**Editorial Information: Prior History**

Appeal from the United States District Court for the Central District of California. D.C. Nos.
CV-05-07832-SVW, CR-01-00959-SVW-14. Stephen V. Wilson, District Judge, Presiding.

**Disposition:**
REVERSED and REMANDED.

**Counsel**          For UNITED STATES OF AMERICA, Plaintiff - Appellee: Michael J.
Raphael, Esquire, Assistant U.S. Attorney, Timothy James Searight, Assistant U.S. Attorney,
OFFICE OF THE U.S. ATTORNEY, Los Angeles, CA.
           For ERNEST WAYNE, a/k/a MIGUEL ANGEL CORRALIZA
SANCHEZ, Defendant - Appellant: Michael Raymond Belter, Esquire, Attorney, Law Office
of Michael R. Belter, Pasadena, CA.

**Judges:** Before: PAEZ, TALLMAN, and N.R. SMITH, Circuit Judges.

**Opinion**

{329 Fed. Appx. 126} MEMORANDUM *

Federal prisoner Ernest Wayne appeals from the district court's order denying his 28 U.S.C. § 2255
motion. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo. *See United States v.
Rodrigues,* 347 F.3d 818, 823 (9th Cir. 2003). We reverse and remand for resentencing.

{329 Fed. Appx. 127} Wayne contends that he was deprived of effective assistance of counsel
because his counsel failed to object to a career offender enhancement at sentencing and on appeal.
Wayne's conviction under California Health & Safety Code § 11352 does not categorically qualify as
a predicate conviction for a career offender enhancement, *see United States v. Kovac,* 367 F.3d
1116, 1119 (9th Cir. 2004), and the record does not contain the documentation required by *Shepard
v. United States,* 544 U.S. 13, 24, 125 S. Ct. 1254, 161 L. Ed. 2d 205 (2005). In these circumstances,
counsel's failure to object fell "below an objective standard of reasonableness." *See Strickland v.
Washington,* 466 U.S. 668, 688, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Moreover, Wayne has
demonstrated a reasonable probability that the district court would not have applied the
enhancement had Wayne's counsel objected.

A09CASES                                    1

© 2013 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the
restrictions and terms and conditions of the Matthew Bender Master Agreement.

**UNITED STATES OF AMERICA, Plaintiff-Appellee, v. JOHN GILBERT KOVAC,**
**Defendant-Appellant.**
**UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT**
**367 F.3d 1116;2004 U.S. App. LEXIS 9300**
**No. 03-10386**
**April 13, 2004, Argued and Submitted, San Francisco, California**
**May 12, 2004, Filed**

**Editorial Information: Prior History**

Appeal from the United States District Court for the District of Nevada. D.C. No. CR-00-00369-DWH. David W. Hagen, District Judge, Presiding. United States v. Kovac, 46 Fed. Appx. 517, 2002 U.S. App. LEXIS 20151 (2002)

**Disposition:**

VACATED AND REMANDED.

**Counsel**      Art Allen, Assistant Federal Public Defender, Las Vegas, Nevada; Franny A. Forsman, Federal Public Defender, Las Vegas, Nevada; Jason F. Carr, Assistant Federal Public Defender, Las Vegas, Nevada, for the appellant.

Thomas Dougherty, Assistant United States Attorney, Las Vegas, Nevada; Daniel G. Bogden, United States Attorney, Las Vegas, Nevada; Karyn Kenny, Assistant United States Attorney, Las Vegas, Nevada, for the appellee.

**Judges:** Before: J. Clifford Wallace, Alex Kozinski, and Sidney R. Thomas, Circuit Judges. Opinion by Judge Thomas.

**CASE SUMMARY**

**PROCEDURAL POSTURE:** Defendant pled guilty to bank robbery in violation of 18 U.S.C.S. § 2113(a). The United States District Court for the District of Nevada sentenced defendant. Defendant appealed and the sentence was vacated and remanded. On remand the district court accepted the United States' offer of proof to establish defendant as a career-offender and resentenced defendant. Defendant once again appealed the imposition of the career-offender status. Sentence was vacated and case was remanded for resentencing because statement in presentence report could not form basis for concluding that prior conviction qualified as predicate offense and defendant was erroneously sentenced as a career offender.

**OVERVIEW:** The district court accepted the government's position and held that the statement attributed to defendant in a state-prepared presentence report was sufficient to prove that he had been convicted of a qualifying controlled-substance offense under the U.S. Sentencing Guidelines Manual § 4B1.1. Thus, the district court held that defendant was a career offender, and imposed a sentence accordingly. The court of appeals found that a statement attributed to defendant in a presentence report could not constitute as clear and unequivocal proof that he had pleaded guilty to, or been convicted of, all of the elements of a qualifying predicate offense. The statement alone did not assure the court that defendant pleaded guilty to all of the elements of a qualifying offense, and to rely on the statement alone would force the court to violate United States Supreme Court precedent by examining defendant's conduct, not his conviction. Thus, it could not form the basis for concluding that the prior conviction qualified as a

A09CASES                                          1

© 2012 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

predicate offense, and defendant was erroneously sentenced as a career offender under § 4B1.1.

**OUTCOME:** Defendant's sentence was vacated and the matter was remanded for resentencing.

**LexisNexis Headnotes**

*Criminal Law & Procedure > Sentencing > Guidelines*
*Criminal Law & Procedure > Sentencing > Appeals > General Overview*
*Criminal Law & Procedure > Appeals > Standards of Review > De Novo Review > General Overview*
*Criminal Law & Procedure > Sentencing > Criminal History > Three Strikes*
*Criminal Law & Procedure > Sentencing > Presentence Reports*

An appellate court reviews a district court's interpretation of the U.S. Sentencing Guidelines Manual and its determination that a defendant is a career offender de novo.

*Criminal Law & Procedure > Sentencing > Guidelines*
*Criminal Law & Procedure > Sentencing > Criminal History > Three Strikes*

A generic conviction under Cal. Health & Safety Code § 11352 does not qualify facially as a predicate conviction under the career offender U.S. Sentencing Guidelines Manual.

*Criminal Law & Procedure > Sentencing > Guidelines*
*Criminal Law & Procedure > Sentencing > Criminal History > Prior Felonies*

See U.S. Sentencing Guidelines Manual § 4B1.1(a).

*Criminal Law & Procedure > Sentencing > Guidelines*
*Criminal Law & Procedure > Criminal Offenses > Controlled Substances > Manufacture > Penalties*
*International Trade Law > Forfeitures & Penalties > General Overview*

See U.S. Sentencing Guidelines Manual § 4B1.2(b).

*Criminal Law & Procedure > Sentencing > Guidelines*
*Criminal Law & Procedure > Sentencing > Criminal History > Prior Felonies*

In determining whether a prior conviction qualifies as a career-offender predicate offense, an appellate court employs the categorical approach established by the United States Supreme Court in Taylor v. United States. Under Taylor, courts cannot examine the underlying facts of the prior offense, but look only to the fact of conviction and the statutory definition of the prior offense. Thus, under the categorical approach, a court must first look to the statute of conviction to determine if the offense would qualify as a controlled-substance offense for U.S. Sentencing Guidelines Manual § 4B1.2 purposes. Cal. Health & Safety Code § 11352 is similar to the statutory language the United States Court of Appeals for the Ninth Circuit considered in United States v. Rivera-Sanchez, and United States v. Martinez, and held was too broad for the crime to qualify under the categorical approach.

*Criminal Law & Procedure > Sentencing > Guidelines*
*Criminal Law & Procedure > Sentencing > Criminal History > Prior Felonies*
*Criminal Law & Procedure > Trials > Burdens of Proof > Prosecution*

A09CASES                                    2

© 2012 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

With regard to a career-offender predicate offense, a modified categorical examination is appropriate in a "narrow range of cases" where the statute criminalizes conduct that would not constitute a qualifying controlled-substance offense, but where documentation or judicially noticeable facts clearly establish that the conviction is a predicate conviction for enhancement purposes. If judicially noticeable facts would allow the defendant to be convicted of an offense other than that defined as a qualifying offense, the conviction in question cannot be used to enhance a defendant's sentence. The government has the burden to establish clearly and unequivocally that the conviction was based on all of the elements of a qualifying predicate offense.

*Criminal Law & Procedure > Sentencing > Guidelines*
*Criminal Law & Procedure > Sentencing > Criminal History > Prior Felonies*
*Criminal Law & Procedure > Sentencing > Criminal History > Three Strikes*
*Governments > Legislation > Overbreadth*

With regard to career-offender status, while a complaint or indictment can be one component of the required underlying documentation, as a charging paper, it alone is not sufficient.

*Criminal Law & Procedure > Sentencing > Criminal History > Prior Felonies*
*Criminal Law & Procedure > Guilty Pleas > General Overview*

According to Taylor, sentencing courts are not to engage in an elaborate factfinding process regarding the defendant's prior offenses. Rather, the sentencing courts may consider the conviction as qualifying only in a narrow range of cases where a jury was actually required to find all the elements of the offense. The idea of the examination is not to turn sentencing hearings into collateral criminal trials, but to determine whether the defendant was actually convicted, or pled guilty to, a qualifying offense. Thus, as the United States Supreme Court has stated, sentencing courts may not look to the particular facts underlying those convictions.

*Criminal Law & Procedure > Sentencing > Presentence Reports*

Although presentence reports are an extremely useful sentencing tool, by their nature the information they contain is generally hearsay, even remote hearsay at the second and third remove. As a result, presentence reports are generally inadmissible at trial to prove any of the hearsay reports they contain. Because they are not subject to evidentiary standards, presentence reports may also contain factual errors.

*Criminal Law & Procedure > Sentencing > Presentence Reports*
*Criminal Law & Procedure > Sentencing > Criminal History > Prior Felonies*

The United States Court of Appeals for the Ninth Circuit holds that the court need not decide whether information contained in a presentence report from an identified, acceptable source can constitute evidence under Taylor's modified categorical approach. The Ninth Circuit has never held that a statement attributed to a defendant in a presentence report can constitute clear and unequivocal proof that he has pleaded guilty to, or been convicted of, all of the elements of a qualifying predicate offense.

*Criminal Law & Procedure > Sentencing > Criminal History > Prior Felonies*
*Criminal Law & Procedure > Sentencing > Criminal History > Three Strikes*

With regard to a career-offender enhancement, the United States Court of Appeals for the Ninth Circuit holds that it looks to what the defendant was convicted of, not the conduct underlying his conviction.

A09CASES                                3

© 2012 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

**Opinion**

**Opinion by:**       Sidney R. Thomas

**Opinion**

{367 F.3d 1118} THOMAS, Circuit Judge:

This case presents the question, *inter alia*, whether a statement in a state pre-trial sentence report describing a conversation between the defendant and a law enforcement officer is sufficient to designate the defendant as a career offender under U.S.S.G. § 4B1.1. Under the circumstances presented by this case, we hold that it is not, and vacate the sentence imposed by the district court.

I

On October 24, 2000, John Kovac robbed a bank in Las Vegas, Nevada. Kovac pleaded guilty to bank robbery in violation of 18 U.S.C. § 2113(a). The district court imposed a sentence of 170 months for the offense after determining that Kovac was a career offender under the prescriptions of U.S.S.G. § 4B1.1, based on a state presentence investigation report. On appeal, the government conceded that the documentation it had submitted to the district court was not sufficient to establish the conviction as a qualifying predicate offense because the presentence report did not contain a statutory reference for the crime at issue. On the government's concession, a panel of this Court vacated the sentence and remanded for re-sentencing.

On remand, the government tendered additional proof in support of the enhancement. Kovac reiterated his objection to inclusion of the conviction as a qualifying predicate offense. The government conceded that the fact of the conviction alone was not sufficient to qualify the conviction. The district court accepted the government's position and held that the statement attributed to Kovac in a state-prepared presentence report were sufficient to prove that he had been convicted of a qualifying controlled-substance offense under the Sentencing Guidelines. Thus, the district court held that Kovac was a career offender, and imposed a sentence accordingly. Kovac timely appealed. "We review the district court's interpretation of the Sentencing Guidelines and its determination that . . . [the defendant] is a career offender de novo." *United States v. Shumate*, 329 F.3d 1026, 1028 (9th Cir. 2003).

II

The district court correctly concluded, and the government does not dispute, that a generic conviction under California Health & Safety Code § 11352 does not qualify facially as a predicate conviction under the career offender Sentencing Guideline. That guideline provides, in relevant part:

A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense. *U.S.S.G. § 4B1.1(a).

A controlled-substance offense for the purposes of § 4B1.1 is defined as:

. . . an offense under federal or state law, punishable by a term of imprisonment of more than one year, that prohibits {367 F.3d 1119} the manufacture, import, export, distribution, or

A09CASES                     4

© 2012 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

dispensing of a controlled substance . . . or the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense.U.S.S.G. § 4B1.2(b).

In determining whether a prior conviction qualifies as a career-offender predicate offense, we employ the categorical approach established by the Supreme Court in *Taylor v. United States*, 495 U.S. 575, 109 L. Ed. 2d 607, 110 S. Ct. 2143 (1990). *See United States v. Corona-Sanchez*, 291 F.3d 1201, 1203, 1212-13 (9th Cir. 2002) (en banc). Under *Taylor*, courts cannot examine the underlying facts of the prior offense, but "'look only to the fact of conviction and the statutory definition of the prior offense.'" *Id.* at 1203 (quoting *Taylor*, 495 U.S. at 602). Thus, under the categorical approach, we must first look to the statute of conviction to determine if the offense would qualify as a controlled-substance offense for § 4B1.2 purposes. The government quite properly concedes that it does not. Section 11352 is similar to the statutory language we considered in *United States v. Rivera-Sanchez*, 247 F.3d 905, 909 (9th Cir. 2001) (en banc), and *United States v. Martinez*, 232 F.3d 728, 735 (9th Cir. 2000), and held was too broad for the crime to qualify under the categorical approach.

III

The question then is whether the proof offered in this case satisfied the requirements of the "modified categorical" analysis. A modified categorical examination is appropriate in a "'narrow range of cases'" where the statute criminalizes conduct that would not constitute a qualifying controlled-substance offense, but where "'documentation or judicially noticeable facts . . . clearly establish that the conviction is a predicate conviction for enhancement purposes.'" *Corona-Sanchez*, 291 F.3d at 1211 (quoting *Taylor*, 495 U.S. at 602; *Rivera-Sanchez*, 247 F.3d at 908). If "'judicially noticeable facts would allow the defendant to be convicted of an offense' other than that defined as a qualifying offense," the conviction in question cannot be used to enhance a defendant's sentence. *Id.* at 1203 (quoting *Rivera-Sanchez*, 247 F.3d at 908). The government has the burden to establish clearly and unequivocally that the conviction was based on all of the elements of a qualifying predicate offense. *See United States v. Franklin*, 235 F.3d 1165, 1172 (9th Cir. 2000).

On remand, the government tendered as proof of the conviction: 1) a certificate and order from Los Angeles County Municipal Court; (2) the felony complaint alleging a violation of California Health & Safety Code § 11352; (3) Kovac's state presentence investigation report, which included statements made by Kovac; and (4) the judgment in Kovac's § 11352 predicate offense.

The certificate and order, charging complaint, and judgment are insufficient proof to qualify Kovac as a career offender under the Sentencing Guidelines. The certificate and order from Los Angeles County Municipal Court merely lists the statutory section. This is plainly insufficient. The felony complaint alleging a violation of California Health & Safety Code § 11352 recites the overbroad language of the statute and adds "to wit, cocaine" at the end of the recitation. While a complaint or indictment can be one component of the required underlying documentation, *see United States v. Hernandez-Valdovinos*, 352 F.3d 1243, 1248 (9th Cir. 2003), as a charging paper, it alone is not sufficient, *see United States v. Parker*, 5 F.3d 1322, 1327 (9th Cir. 1993). The judgment in Kovac's § 11352 predicate offense is facially {367 F.3d 1120} inconclusive, as it merely recites the statutory section and title. Even viewed collectively, these documents fail to establish the facts to which Kovac pleaded. Thus, the district court quite properly did not rely on any of these items of proof.

The issue, then, turns on whether a statement attributed to the defendant in the state presentence report, which described the conduct underlying the criminal conviction, clearly and unequivocally establish that the conviction was based on all of the elements of a qualifying predicate offense. Under our case law, the statement does not satisfy this standard.

A09CASES                                                    5

© 2012 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

According to *Taylor*, sentencing courts are not to "engage in an elaborate factfinding process regarding the defendant's prior offenses." 495 U.S. at 601. Rather, the sentencing courts may consider the conviction as qualifying only "in a narrow range of cases where a jury was actually required to find all the elements" of the offense. *Id.* at 602. The idea of the examination is not to turn sentencing hearings into collateral criminal trials, but to determine whether the defendant was actually convicted, or pled guilty to, a qualifying offense. Thus, as the Supreme Court has stated, sentencing courts may not look "to the particular facts underlying those convictions." *Id.* at 600.

Here, the critical evidence at issue is a statement of admission contained in a state presentence report. As we have observed in a different context:

> Although presentence reports are an extremely useful sentencing tool, by their nature the information they contain is "generally hearsay, even remote hearsay at the second and third remove." *United States v. Frushon*, 10 F.3d 663, 666 (9th Cir. 1993) (quoting *United States v. Fine*, 975 F.2d 596, 603 (9th Cir. 1992)). As a result, presentence reports are generally inadmissible at trial to prove any of the hearsay reports they contain. See *United States v. Matta-Ballesteros*, 71 F.3d 754, 767 (9th Cir. 1995), *as amended by* 98 F.3d 1100 (9th Cir. 1996). Because they are not subject to evidentiary standards, presentence reports may also contain factual errors.*Summerlin v. Stewart*, 341 F.3d 1082, 1111 (9th Cir. 2003) (en banc) *cert. granted, Schriro v. Summerlin*, 157 L. Ed. 2d 692, 124 S. Ct. 833 (2003).

In situations similar to the one at bar, we have been wary about the use of presentence reports as constituting sufficient proof that the defendant was convicted of all qualifying elements. In *Corona-Sanchez*, we held that the presentence report was "insufficient evidence because all it . . . [did was] recite the facts of the crimes as alleged in the charging papers." 291 F.3d at 1212. Similarly, in *United States v. Franklin*, 235 F.3d at 1165, we disallowed enhancement for a predicate offense when the supporting documentation merely consisted of charging papers and a presentence report. *Id.* at 1172. While not foreclosing reliance on such documentation in all cases, we held that neither the charging documents nor the facts recited in the presentence report established "all of the requisite facts necessary" to qualify the convictions -- thus, the court was "no closer to knowing what . . . [defendant] actually admitted in a plea." 291 F.3d at 1212. In *Corona-Sanchez*, we were also concerned with ambiguities in the source of the presentence information. *Id.* Consequently, we stated in *Corona-Sanchez* that we "need not decide . . . whether information contained in a presentence report from an identified, acceptable source can constitute evidence under *Taylor's* modified categorical approach." *Id.* We have never held that a statement attributed to a defendant in a presentence report can constitute {367 F.3d 1121} clear and unequivocal proof that he has pleaded guilty to, or been convicted of, all of the elements of a qualifying predicate offense.

Indeed, in *Martinez*, 232 F.3d at 728, we rejected a far stronger claim based on the defendant's admission as contained in a hand-scrawled statement in a plea form. *Id.* at 734-35. In doing so, we emphasized *Taylor's* restriction that "we look to what . . . [the defendant] was convicted of, not the conduct underlying his conviction." *Id.* at 735. Further, as we noted, the described conduct did not necessarily inform us of the elements of the crime to which the defendant pleaded guilty. *Id.*

The government's argument is far weaker here. In the instant case, we have a hearsay statement attributed to the defendant about his conduct. The statement alone does not assure us that the defendant pleaded guilty to all of the elements of a qualifying offense, and to rely on the statement alone would force us to violate *Taylor* by examining the defendant's conduct, not his conviction. Thus, it cannot form the basis for concluding that the prior conviction qualified as a predicate offense, and Kovac was erroneously sentenced as a career offender under U.S.S.G. § 4B1.1. We must vacate the sentence and remand for re-sentencing. *United States v. Matthews*, 278 F.3d 880,

A09CASES                                                                                              6

© 2012 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

885-86 (9th Cir. 2002) (en banc).

**VACATED AND REMANDED.**

### Footnotes

\*

There is no dispute that Kovac is over eighteen. The other felony offense that would trigger career-offender status if Kovac's section 11352 conviction qualifies is a previous federal conviction for bank robbery.

A09CASES                                    7

© 2012 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

**REVERSED and REMANDED.**

**Footnotes**

**

*

This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

A09CASES

2

© 2012 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

computer-crime statute. One of the government's arguments was that venue was proper in New Jersey because the state statute required conduct in New Jersey.

The only essential conduct element required by the state law that was also required by the CFAA was disclosure of the accessed information, the court said. Furthermore, the only disclosure in this case was from the defendant to the reporter, who was not in New Jersey, it said.

**Court Reverses ID Fraud Count, Too.** The defendant was also found guilty of identity fraud in violation of 18 U.S.C. § 1028(a)(7).

The essential conduct elements of identity fraud are transferring, possessing or using someone else's means of identification and doing so in connection with a federal crime or state felony, the court said. Neither of these actions occurred in New Jersey, the court said.

Orin S. Kerr, of the George Washington University Law School, Washington, argued for the defendant. Glenn J. Moramarco, of the U.S. Attorney's Office, Camden, N.J., argued for the government.

BY HUGH KAPLAN

---

*Full text at http://www.bloomberglaw.com/public/ document/UNITED_STATES_OF_AMERICA_v_ ANDREW_AUERNHEIMER_aka_Weev_aka_Weelos*

---

## Habeas Corpus

## Error in Applying Sentencing Guidelines Can Justify Relief on Collateral Challenge

An erroneous application of the career-offender provisions of the U.S. Sentencing Guidelines qualifies as "a fundamental miscarriage of justice" that can be corrected on collateral review, the U.S. Court of Appeals for the Fourth Circuit held April 8. (*Whiteside v. United States*, 2014 BL 96662, 4th Cir., No. 13-7152, 4/8/14)

The other circuits that have ruled on the issue have gone the other way.

The Fourth Circuit reached its conclusion in a case in which the prisoner not only had received a downward departure from the career-offender sentence but also failed to file his collateral challenge within the one-year deadline for motions under 28 U.S.C. § 2255.

"We are asked to decide whether a petitioner may challenge his sentence on collateral review based on an incorrect application of the career offender enhancement," the court said in an opinion by Judge Roger L. Gregory. "Because it is the only response that is both consistent with the realities of federal sentencing and just, we answer yes."

**Misapplying Enhancement Is Unjust.** Collateral, habeas-type review pursuant to Section 2255 does not reach all errors in conviction and sentencing. It allows correction of jurisdictional and constitutional errors, but other mistakes do not provide a basis for relief unless they amount to what the U.S. Supreme Court has described as "a fundamental defect which inherently results in a complete miscarriage of justice."

In *Sun Bear v. United States*, 644 F.3d 700, 89 CrL 643 (8th Cir. 2011) (en banc), and *Hawkins v. United States*, 724 F.3d 915, 93 CrL 620 (7th Cir. 2013), the Eighth and Seventh circuits held that an error in applying the now-advisory career-offender guidelines does not result in a miscarriage of justice. Under this approach, there is no error warranting correction under Section 2255 unless the sentence imposed is longer than authorized by the statute of conviction.

A panel of the Eleventh Circuit reached the opposite conclusion in *Spencer v. United States*, 727 F.3d 1076, 93 CrL 657 (11th Cir. 2013), vacated for rehearing en banc (11th Cir. (en banc) March 7, 2014).

---

> **"Were we to conclude otherwise, we would be putting 'bureaucratic achievement' ahead of our task of ensuring that all those who come before us receive meaningful review of their claims."**
>
> JUDGE ROGER L. GREGORY

---

Like the *Spencer* court, the Fourth Circuit disagreed with the Seventh Circuit's view of the significance of the guidelines' sentence recommendations and the Supreme Court's ruling in *Peugh v. United States*, 93 CrL 353 (U.S. 2013).

The *Peugh* court held that, even though the guidelines are now advisory rather than mandatory, the ex post facto clause still prohibits retroactive applications of amendments to the guidelines that increase the recommended sentence recommendations.

The Seventh Circuit said *Peugh* doesn't mean that guidelines errors are fundamental errors correctable pursuant to Section 2255 because the Supreme Court was applying a lower standard for direct review of ex post facto claims. That standard inquired into whether a change in law created a "significant risk" of a higher sentence.

The Fourth Circuit, in contrast, reiterated *Peugh's* statement that the guidelines, though now advisory, remain "the lodestone of sentencing" and that their purpose is "to achieve uniformity by ensuring that sentencing decisions are anchored by the Guidelines." The decision in *Peugh* was based on "the principles of fairness and justice that animate the Ex Post Facto Clause," and "these principles map easily onto our analysis of whether Whiteside was subject to a fundamental miscarriage of justice," the circuit court said.

"The Guidelines range, although advisory, retained its anchoring effect throughout Whiteside's sentencing," it said. "It is just that the anchor was dropped in the wrong place."

Moreover, statistics compiled by the U.S. Sentencing Commission show that, even those career offenders who are awarded variances or departures from the career-offender range usually receive sentences that are above the otherwise applicable guidelines recommendation, the court said. "By no rubric can the impact of the career offender enhancement be considered 'ordinary,' " it said.

**Interest in Finality Doesn't Make It Fair.** The government argued that the Seventh and Eighth circuits got it right when they gave dispositive weight to society's interest in the finality of convictions.

---

    COPYRIGHT © 2014 BY THE BUREAU OF NATIONAL AFFAIRS, INC.    CRL    ISSN 0011-1341

The Eleventh Circuit identified three policy interests furthered by respecting the finality of convictions: (1) it "encourages defendants to accept their punishments and move forward with their lives"; (2) it "minimizes the misuse of judicial resources"; and (3) it offers victims of crimes "some degree of peace of mind and a sense that their suffering has not been forgotten."

However, these interests do not "outweigh the plain injustice that would result from denying the petitioner what he seeks, which is only a chance to be sentenced according to the factors that everyone agrees should apply," the court said.

"Were we to conclude otherwise, we would be putting 'bureaucratic achievement' ahead of our task of ensuring that all those who come before us receive meaningful review of their claims," it said.

In a dissenting opinion, Judge J. Harvie Wilkinson III agreed with the government that, in light of the interest in the finality of federal convictions, justice is served when misapplications of the career-offender guidelines are left uncorrected on collateral review.

The court responded that the dissenting opinion "is rank with the fearful mistrust of individualized decision-making inherent to traditional conservatism." Wilkinson's "suggestion that district courts and future panels of this court cannot discern actual injustices from less serious errors casts too critical an eye on the judges throughout our circuit," it said.

The court found further support for its decision in the particular circumstances of this case. The prisoner pleaded guilty at a time when an en banc decision of the Fourth Circuit required that one of his state drug priors be treated as a predicate for a career-offender sentence. After the expiration of the one-year deadline for the prisoner to file a Section 2255 motion, the en banc court overruled the precedent that would have made the motion futile. *United States v. Simmons,* 649 F.3d 237, 89 CrL 770 (4th Cir. 2011).

"Acknowledging that a defendant would likely be entitled to a vacated sentence on direct appeal but not on a timely filed habeas motion simply due to the timing of one of our decisions contributes to the conclusion that denial of review operates a complete miscarriage of justice," the Fourth Circuit said.

**Holland Opened Futility Exception.** The existence of the precedent overruled in *Simmons* also persuaded the court to excuse the tardiness of the prisoner's Section 2255 motion.

Previously, the court had joined other circuits that had held that the futility of a claim in light of binding case law doesn't excuse a prisoner's failure to file a claim within the one-year limitations period.

The court changed its mind in light of the Supreme Court's decision in *Holland v. Florida,* 560 U.S. 631, 87 CrL 399 (U.S. 2010). *Holland* approved the equitable tolling of the limitations period for state prisoners' habeas corpus petitions under 28 U.S.C. § 2254. Equitable tolling applies when petitioners demonstrate that they pursued their rights diligently and that "some extraordinary circumstance" prevented timely filing.

*Holland* involved a claim that a defendant had been abandoned by counsel. The Fourth Circuit decided equitable tolling should also apply when circuit precedent is later overturned. To the extent the court had previously adopted "a bright-line rule that futility may not constitute an extraordinary circumstance," this has

been overruled by *Holland,* which "requires that we at least apply such a rule on a case-by-case basis," the court said.

"Had Whiteside filed within the one-year statute of limitations, he likely would have been forced to suffer the injustice with no future chance at relief," the court said. "The timing of our decisions should not be the sole determinant of a petitioner's access to justice."

Quoting *Holland,* the court said the prisoner's "inability to obtain meaningful relief prior to our decision in *Simmons* is an extraordinary circumstance that warrants some flexibility on our behalf in order 'to accord all the relief necessary to correct . . . particular injustices.' "

**Disagreement Runs Deep.** In his dissenting opinion, Wilkinson agreed with the Seventh and Eighth circuits' decision that misapplication of the career-offender guidelines does not amount to a miscarriage of justice for purposes of Section 2255. The court's decision "makes a shambles of the retroactivity doctrines that have long safeguarded the basic finality of criminal convictions" and "disrupts the orderly administration of our criminal-justice system," he said. The guidelines' "mere influence" on the ultimate sentences that judges impose "is insufficient to warrant correction under § 2255," he said.

Among other problems he found with the court's analysis, Wilkinson said the conclusion that the prisoner would have received a lower sentence if *Simmons* had come down earlier is "rank speculation."

Wilkinson also disagreed with the court's application of *Holland* and equitable tolling.

Judge Andre M. Davis joined Gregory's opinion for the court but added a sharply worded concurrence. "The dissenting opinion favors what's 'finished' over what's 'right' and thereby blinks at a profound miscarriage of justice," Davis said. "It is wrong to do so."

Ann Loraine Hester, of the Federal Defenders of Western North Carolina Inc., Charlotte, N.C., argued for the prisoner. Amy Elizabeth Ray, of the U.S. Attorney's Office, Asheville, N.C., argued for the government.

BY HUGH KAPLAN

---

*Full text at http://www.bloomberglaw.com/public/ document/Deangelo_Whiteside_v_US_2014_BL_96662_ 4th_Cir_Apr_08_2014_Court_O*

---

## Federal Courts

## Magistrate Judges Can't Enter Final Orders In Federal Prisoners' Post-Conviction Attacks

Federal magistrate judges lack statutory authority to issue final judgments on federal prisoners' habeas-corpus-type motions under 28 U.S.C. § 2255, the U.S. Court of Appeals for the Eleventh Circuit declared April 7. The court's reasoning also suggests that magistrate judges lack authority to try and sentence federal misdemeanors. (*Brown v. United States,* 2014 BL 96212, 11th Cir., No. 11-15149, 4/7/14)

In an opinion by Judge Gerald B. Tjoflat, the court said it harbors "serious concerns" that Congress violated Article III when in 1979 it authorized magistrates, with the consent of the parties, to enter the judgment in

# CERTIFICATE OF SERVICE

I, ___James Andre Black___ , hereby certify that I have served a true and correct copy of the following: " MOTION TO VACATE, SET ASIDE, OR CORRECT A SENTENCE 28 USC § 2255(f)(3), WITH ATTACHMENTS AND IN ACCORDANCE WITH OLTEN v. UNITED STATES, 134 S.Ct. 639, 187 L.Ed. 2d 415 (2013).

which is deemed filed at the time it was delivered to prison authorities for forwarding to the defendant(s) and/or his attorney(s) of record, Houston v. Lack, 487 U.S. 266, 101 L. Ed. 2d 245, 108 S. Ct. 2379 (1988), by placing same in a sealed, postage-prepaid envelope and depositing in the United States mail at the Victorville Federal Correctional Complex, addressed to:

> Benjamin Glassman
> BENJAMIN.C.GLASSMAN
> ASSISTANT U.S.ATTORNEY
> U.S.ATTORNEY'S OFFICE
> 221 EAST FOURTH STREET
> SUITE# 400
> CINCINNATI, OHIO [45202]

I declare, under penalty of perjury (28 U.S.C. § 1746), that the foregoing is true and correct.

Executed this __24th__ day of ___July 2014___ .A.D.

(signature) James Black
(name)   James Andre Black
(number)   c/o# 04175061
FCC Victorville-II-Medium
P.O. Box  3850
Adelanto, California 92301